# UNITED STATES DISTRICT COURT
for the

Eastern District of Tennessee

| | |
|---|---|
| United States of America<br>v.<br><u>CARL RAMAGE</u><br>*Defendant* | )<br>)<br>) Case No. 3:15-cr-00010<br>)<br>) |

## DETENTION ORDER PENDING TRIAL

After conducting a detention hearing under the Bail Reform Act, 18 U.S.C. § 3142(f), I conclude that these facts require that the defendant be detained pending trial.

### Part I—Findings of Fact

(1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has previously been convicted

of ☐ a federal offense   X a state or local offense that would have been a federal offense if federal jurisdiction had existed - that is

☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4) or an offense listed in 18 U.S.C. § 2332b(g)(5) for which the prison term is 10 years or more.

☐ an offense for which the maximum sentence is death or life imprisonment.

☐ an offense for which a maximum prison term of ten years or more is prescribed in <u>18 U.S.C. § 2250(a)</u> .*

☐ a felony committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses:

X any felony that is not a crime of violence but involves:

　☐ a minor victim

　X the possession or use of a firearm or destructive device or any other dangerous weapon

　☐ a failure to register under 18 U.S.C. § 2250

X (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state release or local offense.

☐ (3) A period of less than five years has elapsed since the ☐ date of conviction ☐ the defendant's release from prison for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition will reasonably assure the safety of another person or the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

X (1) There is probable cause to believe that the defendant has committed an offense

　X for which a maximum prison term of ten years or more is prescribed in <u>21 U.S.C. §§ 841 and 846</u> .

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

# UNITED STATES DISTRICT COURT
for the

Eastern District of Tennessee

under 18 U.S.C. § 924(c).

X  (2)   The defendant has not rebutted the presumption established by finding 1 that no condition will reasonably assure the defendant's appearance and the safety of the community.

### Alternative Findings (B)

☐  (1)   There is a serious risk that the defendant will not appear.

X  (2)   There is a serious risk that the defendant will endanger the safety of another person or the community.

### Part II— Statement of the Reasons for Detention

I find that the testimony and information submitted at the detention hearing establishes by   X  clear and convincing evidence   ☐ a preponderance of the evidence that

the Defendant poses a danger to the community.

Please see the attached Statement of the Reasons for the Court's findings on the reasons for detention in this case.

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. The defendant must be afforded a reasonable opportunity to consult privately with defense counsel. On order of United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to the United States marshal for a court appearance.

Date:   March 27, 2015                    s/ C. Clifford Shirley, Jr.
                                           *Judge's Signature*

                                           United States Magistrate Judge C. Clifford Shirley, Jr.
                                           *Name and Title*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

# United States v. Ramage, 3:15-CR-10
## Part II— Statement of the Reasons for Detention

The Court finds that the testimony and information submitted at the detention hearing establishes by clear and convincing evidence that the Defendant poses a danger to the community.

The Defendant is charged with Distribution of Morphine, a Schedule II Controlled Substance pursuant to Title 21 U.S.C. §§ 841(a)(1), and 841(b)(1)(C), Knowingly Possess a Firearm in Furtherance of Drug Trafficking Crime pursuant to Title 18 U.S.C. § 924(c), and Felon in Possession of Firearm and Ammunition pursuant to Title 18 U.S.C. § 922(g)(1). Charges pursuant to 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) and Title 18 U.S.C. § 924(c) create a rebuttable presumption that there is "no condition or combination of conditions [that] will reasonably assure the appearance of the person as required and the safety of the community[.]" 18 U.S.C. § 3142(e)(3)(A); 18 U.S.C. § 3142(e)(3).

The Court must weigh the factors found in 18 U.S.C. § 3142(g) when determining whether a defendant shall be detained or released pending trial. In this case, the first factor, the nature and circumstances of the offense charged, argues in favor of the Defendant's detention because it involves the distribution of narcotic drugs and controlled substances and the possession of a firearm in furtherance of drug trafficking. 18 U.S.C. § 3142(g)(1).

The second factor, the weight of the evidence of the Defendant's dangerousness, also argues in favor of detention. 18 U.S.C. § 3142(g)(2).[1] The Government presented evidence that a vast amount of firearms, many of which were loaded, and ammunition were recovered from Defendant's home where his young children reside. The Defendant also tested positive for oxycodone and morphine upon arrest. Further, the Defendant has a history of violating his conditions of release. The Defendant's criminal record reveals a long history of theft, possession of controlled substances, and possession of firearms, and the record reveals that Defendant historically continued such behavior in violation of probation or other forms of release. [Presentence Investigation Report "PSR" at 2-8]. The evidence also showed that Defendant took extreme methods to protect himself, including keeping vast amounts of weapons in his home and setting up an in-depth surveillance system around his property. Based on Defendant's history of self-protection, noncompliance with release terms, drug use and distribution, possession and distribution of illegal firearms and ammunition, and his criminal record, the Court finds that there is a strong probability that Defendant will continue to engage in illegal activity upon release. Such behavior, specifically the possession and distribution of narcotic drugs and firearms, poses a grave danger to the community.

The Court next considered the third factor, the history and characteristics of the Defendant, and finds that this factor further argues in favor of detention. 18 U.S.C. § 3142(g)(3). The nature of the Defendant's charges and his alleged distribution of narcotic drugs and firearms within the East Tennessee community reflects poorly on his character and weighs in favor of detention.

---

[1] See United States v. Stone, 608 F.3d 939, 948-49 (6th Cir. 2010).

1

The Defendant also has an extensive criminal record reflecting a number of charges for theft, burglary, drug possession, firearm possession, resisting arrest, driving under the influence, receiving stolen property, vehicle theft, and leaving the scene of an accident. These charges show a history of illegal activity, evading or resisting arrest, and non-compliance, all of which weigh in favor of detention.

The Court has also considered § 3142(g)(3)(B). The Defendant was not on probation or other form of release when he was arrested and indicted for the current charges. However, the Defendant was subsequently arrested just days after the filing of the current charges for theft and possession of Schedule II Controlled Substances. These charges are pending in Blount County and Defendant is scheduled for hearing before the Blount County, Tennessee General Sessions Court on April 1, 2015.

Finally, the nature and seriousness of the Defendant's dangerousness to the community weighs in favor of detention. 18 U.S.C. § 3142(g)(4). As mentioned above, the Defendant's alleged charges reflect a grave danger to the community due to his history of noncompliance and propensity to distribute narcotic drugs and firearms in the East Tennessee Community. Based on the Defendant's criminal record and history of noncompliance, the Court finds by clear and convincing evidence that the Defendant is a danger to the community. Although the Court is concerned with the Defendant's health problems, the Court finds that there are no conditions that can reasonably assure the Court of the community's safety should Defendant be released. The Court specifically considered evidence showing that Defendant conspired with his wife in furtherance of the charges in question and that they allegedly used their home and business to conduct criminal activity. The Court is concerned that allowing Defendant to return to the exact same living condition would encourage the recommencement of such behavior. Therefore, there are no conditions or combination of conditions that can reasonably assure the safety of the community. The Court makes no finding on risk of flight because the Court finds by clear and convincing evidence that Defendant poses a danger to the community.